## WOOSTER v. BOOTH.

*Witness — personal transaction with deceased under section 399 of Code.*

In an action by an administratrix against a constable to recover personal property belonging to the intestate, seized and held under an attachment and execution against another person, *held*, that the creditor in the action and judgment under which the attachment and levy was made was not, under Code, § 399, competent to testify to a personal transaction between himself and the intestate. *Howland* v. *Wittle*, 9 N. Y. 173.

APPEAL by plaintiff from a judgment in favor of defendant, entered upon the report of a referee.

The action was brought by Homer W. Wooster against George H. Booth, to recover for personal property belonging to plaintiff, seized upon an attachment and execution in an action against plaintiff's wife, Mary A. Wooster. Plaintiff died pending the suit, and his widow, Mary A. Wooster, was substituted as plaintiff.

*W. H. & L. E. Warren*, for appellant.

*Fuller, Vann & Brooks*, for respondent.

E. DARWIN SMITH, J.

The judgment was reversed, and a new trial ordered, upon the ground stated in the head-note.

*Judgment reversed and new trial granted.*

---

## CARTER v. DOLBY.

APPEAL by defendants from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought by Julian Carter against Asahel Dolby, and others, to recover the value of logs cut by defendants, as alleged, on the lands of plaintiff.

*Sedgwicks, Kennedy & Tracy*, for appellants.

*Francis Kernan*, for respondent.

MULLIN, P. J.

Only the question of title to the lands was involved, and the opinion is devoted wholly to a consideration of facts.

*Judgment affirmed.*